IN THE MATTER OF BROWN

BROWN *v.* JUVENILE COURT

1. APPEAL AND ERROR—PROBATE COURT—CHILD CUSTODY.

Review by a circuit court of a probate court child custody decision is to be a retrial of issues upon evidence to be introduced in the reviewing court, the only limitation being that the questions to be reviewed are restricted to those raised in the claim of appeal (GCR 1963, 701.5[2], 701.10).

2. APPEAL AND ERROR—PROBATE COURT—CHILD CUSTODY—TRANSCRIPT—STIPULATION.

The effect of stipulating that an appeal from a child custody determination of a probate court will be submitted to the circuit court on the transcript of the probate court proceedings without further proofs being offered is that the testimony is being presented *de novo* without the witnesses actually appearing.

3. APPEAL AND ERROR—PROBATE COURT—CHILD CUSTODY—SCOPE OF REVIEW.

Treating an appeal from a probate court child custody determination as if it were review in the nature of certiorari instead of a general appeal with a retrial of the issues raised in the claim of appeal, because the parties had stipulated that the case would be submitted on the transcript with no further proofs being offered, was error.

Appeal from Midland, James R. Rood, J. Submitted Division 3 March 4, 1970, at Grand Rapids. (Docket No. 6,909.) Decided March 23, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 822.
[2, 3]  5 Am Jur 2d, Appeal and Error § 703.

Petition by a court caseworker in the Juvenile Division of the Midland County Probate Court that the five children of Evelyn Brown be made permanent wards of the court. One child discharged as a ward, another continued as a temporary ward, and three children made permanent wards. Evelyn Brown appealed to circuit court. Affirmed. Evelyn Brown appeals. Reversed and remanded to circuit court for further proceedings.

*Paul N. Doner* (Bay-Midland Legal Aid Society), for Evelyn Brown.

Before: R. B. Burns, P. J., and Fitzgerald and Levin, JJ.

R. B. Burns, P. J. Appellant Evelyn Brown's five children were made temporary wards of the Midland County probate court in December, 1966. On the petition of a court caseworker a hearing was held September 27, 1967, to review the matter of the children's custody. The caseworker testified that his opinion based on his investigation was that the three younger children should be made permanent wards of the court. No other testimony or evidence was introduced to support this opinion. Mrs. Brown and a legal aid investigator testified in opposition to the caseworker. At the conclusion of the hearing the probate court discharged the eldest, Michael, as a court ward, continued Timothy as a temporary ward, but made Bruce, Phillip, and Zella permanent wards of the court, terminating Mrs. Brown's parental rights in these three children.

Appellant filed a claim of appeal in circuit court alleging that the requisite burden of proof had not been met and that the order was against the preponderance of the evidence. Trial by jury was demanded

but the parties subsequently stipulated that the matter would be submitted on the basis of the transcript of the probate court hearing, no additional proofs to be offered by either side. The parties further stipulated that should the circuit court's judgment be favorable to appellant the probate court would be reversed and both physical and legal custody of the children be released to their mother. The circuit court affirmed the order, stating:

"This stipulation, in the opinion of the court, amounts to the submission of the matter below to this court on review in the nature of certiorari. The court will not quarrel with the stipulation made by counsel and will therefore consider the matter in this way. If the matter had been submitted to the court on a general appeal and upon the basis of the errors assigned, the court would have treated the case differently and, in the event that the judgment of the probate court below was found to be based upon insufficient testimony, physical custody and legal custody of the wards would not necessarily be released to the mother, but the case could well have been remanded to probate court for further consideration on the question of making the children permanent wards of the court. In the opinion of this court, jurisdiction as to said children insofar as temporary wards of the court is concerned would not be lost by any irregularities in the hearing on the question of making them permanent wards of the court. The court has carefully examined the testimony presented below and although the great portion of same is obviously hearsay, the court feels that sufficient facts were presented to justify the court below in making the order terminating the parental rights of Evelyn Brown."

The circuit court erred in its method of review. It did so believing the stipulation required it to undertake a more restricted type of review. GCR 1963, 701.10 says, "Unless otherwise provided by

law, review in the circuit court is to be a retrial of issues upon evidence to be introduced in the reviewing court." The only limitation is that the questions to be reviewed are restricted to those raised in the claim of appeal. GCR 1963, 701.5(2). Appellant filed a general claim of appeal. The only effect of the stipulation was to submit the transcript as if the testimony it contained was being presented *de novo* without the witnesses actually appearing. The court was still called upon to examine the quantity and quality of the evidence, to rule upon its admissibility, and to determine whether it was sufficient to justify the termination of parental rights. The portion of the stipulation dealing with the disposition of the case was a nullity. It is the court's function, not the parties', to determine the proper resolution of the case. "The circuit court may render any judgment or make any order which should have been rendered in the lower court, and may grant such other relief as may be required for the just disposition of the appeal." GCR 1963, 701.10. This applies with special force to probate appeals. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 542. The case should have been treated in no other way than any other general appeal. Had it been so treated the result may well have been different as the transcript is replete with hearsay and uncorroborated allegation.

Reversed and remanded for proper review.

All concurred.